```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
UNITED STATES OF AMERICA,     :
                              :
v.                            :    Crim. No. 3:12-CR-84(AWT)
                              :
DONNA BELLO and JILL PLATT    :
                              :
------------------------------x
```

## GEANEY FINDINGS

During the government's case, the court admitted conditionally, pursuant to Fed. R. Evid. Rule 801(d)(2)(E), two statements: (1) testimony by Donna Main on January 28, 2013 that Marie Bowlby discussed whether the gifting tables were legal; and (2) testimony by Kathryn Midgley on January 29, 2013 that Bettejane Hopkins explained how the gifting tables worked.

In order for evidence to be admissible under Rule 801(d)(2)(E), the court must find by a preponderance of the evidence "(1) that there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy." United States v. Diaz, 176 F.3d 52, 83 (2d Cir. 1999) (quoting United States v. Tracy, 12 F.3d 1186, 1196 (2d Cir. 1993)).

For the reasons set forth below, the court concluded that the government had proved by a preponderance of the evidence each element required to be proven in order for each of the two statements to be admissible.

**Existence of a Conspiracy; Members of the Conspiracy**

While the coconspirator statement itself may be considered in establishing the existence of the conspiracy, "[t]here must be evidence that there was a conspiracy involving the declarant and the nonoffering party . . . ." Bourjaily v. United States, 483 U.S. 171, 175 (1986); see also United States v. Desena, 260 F.3d 150, 158 (2d Cir. 2001) ("[T]here must be some independent corroborating evidence of the defendant's participation in the conspiracy." (internal citations omitted)); United States v. Provenzano, 615 F.2d 37, 44 (2d Cir. 1980) ("The threshold requirement of admissibility is satisfied by a showing of a likelihood of an illicit association between the declarant and the defendant." (internal citations omitted)). Once a conspiracy is shown to exist, the evidence sufficient to link another defendant to it need not be overwhelming. See Provenzano, 615 F.2d at 45.

The government proved by a preponderance of the evidence, first, the existence of the conspiracy to defraud the Internal Revenue Service charged in Count One of the indictment and, second, the existence of the conspiracy to commit wire fraud

charged in Count Eighteen of the indictment. Numerous witnesses testified as to the conduct of defendants Bello and Platt and others, and in addition, their testimony was supported by voluminous documentary evidence, including emails.

The government established by a preponderance of the evidence that Marie Bowlby was a member of the conspiracies. Both Government Exhibit 228, a diagram drawn by Kathryn Midgley, and Government Exhibit 232, a diagram drawn by Joyce Logan, identified Bowlby as one of the people on the "hub," together with defendants Bello, Platt, and Hopkins. In fact, Government Exhibit 232 is Logan's reconstruction of the diagram prepared by Bowlby to explain to Logan that Logan should not be bothering Bello with emails because Bello was too busy.

The government also established by a preponderance of the evidence that Bettejane Hopkins was a member of the conspiracies. Not only did Hopkins plead guilty to Count One of the indictment, but she is also identified as one of the people on the hub in Government Exhibits 228 and 232 and was identified at numerous other points in the testimony and documentary evidence as a key player in the conduct charged in of each conspiracy.

Therefore, the government has established by means of independent corroborating evidence in addition to the co-

conspirator statements at issue that the defendants, Bowlby, and Hopkins were members of the conspiracies.

**During the Course of and in Furtherance of the Conspiracy**

Main testified that the statement at issue by Bowlby was made in 2009. Midgely testified that the statement at issue by Hopkins was made in 2008. Thus, both of the statements were made during the course of the conspiracy.

The statements must also be made in furtherance of the conspiracy. "To be in furtherance of the conspiracy, a statement must be more than 'a merely narrative' description by one co-conspirator of the acts of another." United States v. SKW Metals & Alloys, Inc., 195 F.3d 83, 88 (2d Cir. 1999) (citing United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199 (2d Cir. 1989)) (internal quotation marks omitted). The statement must "prompt the listener . . . to respond in a way that promotes or facilitates the carrying out of a criminal activity." SKW Metals & Alloys, Inc., 195 F.3d at 88 (quoting United States v. Maldonado-Rivera, 922 F.2d 934, 958 (2d Cir. 1990)). Nevertheless, a statement does not need to be a command to be admissible. SKW Metals & Alloys, Inc., 195 F.3d at 88. Rather, the statement may be admissible if it "provide[s] reassurance, or seek[s] to induce a coconspirator's assistance, or serve[s] to foster trust and cohesiveness, or inform[s] each

other as to the progress or status of the conspiracy." Id. (quoting Maldonado-Rivera, 922 F.2d at 959).

Bowlby's statement to Main that the gifting tables were legal was in furtherance of the conspiracy because representations that the gifting tables were legal were made to induce individuals to join the gifting tables. Similarly, Hopkins's statement to Midgely explaining how the gifting tables worked was essential to induce Midgely to join the gifting tables. Thus, the court concludes that both statements were made for the purpose of furthering the conspiracy.

Signed this 6th day of August, 2013 at Hartford, Connecticut.

>                 _____/s/AWT_____
>                      Alvin W. Thompson
>                 United States District Judge